UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America | [Proposed] Protective Order |
| v. | 21 Cr. 269 (CM) |
| Malik Sanchez, a/k/a "Smooth Sanchez," *Defendant.* | |



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/11/2021

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendant having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

**Confidential Material.** The Government will make disclosure to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases. Certain of that discovery may include material that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case. Discovery materials produced by the Government to the defendant or his counsel that are either (1) designated in whole or in part as "Confidential" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating "Confidential," shall be deemed "Confidential Material."

**Attorney's Eyes Only ("AEO") Material.** Certain of the Government's disclosure materials, including unredacted versions of certain Confidential Material, will contain personal information for alleged victims of the defendant. The privacy and confidentiality of victims, as well as that of victims' loved ones, may be subject to risk of harm absent the protective considerations set forth herein. Discovery materials produced by the Government that are either (1) designated in whole or in part as "AEO" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating "AEO," shall be deemed "AEO Material." In connection with AEO Material, the Government will endeavor, to the extent feasible, to provide the defense with a redacted version of the material that can be shared with the defendant and is otherwise not subject to the AEO designation.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

1. Confidential Material and AEO Material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Confidential Material or AEO Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Confidential Material or AEO Material to the media or any third party except as set forth below.

2. Confidential Material may be disclosed by the defense to:

(a) Personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

(b) Prospective witnesses for purposes of defending this action;

2

(c) The defendant; and

(d) Such other persons as hereafter may be authorized by the Court.

3. The defense shall receive any AEO Material on an attorney's eyes only basis, and the defense shall not share any AEO Material or the content of the AEO Material with any other persons, including the defendant, except for any paralegal or staff employed by defense counsel. The defense shall provide a copy of this Order to paralegal or staff employed by defense counsel to whom the defense has disclosed AEO Material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what AEO Material has been disclosed to which such persons.

4. Except for Confidential Material and AEO Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Confidential Material and AEO Material, including the seized ESI Confidential Material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

5. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Confidential Material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what Confidential Material has been disclosed to which such persons.

6. The Government may authorize, in writing, disclosure of Confidential Material or AEO Material beyond that otherwise permitted by this Order without further Order of this Court.

7. This Order does not prevent the disclosure of any Confidential Material or AEO Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, AEO Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

8. At any time, the defense may seek leave from the Government to alter the designations for materials designated as Confidential Material or AEO Material ("Requested Material"). The Government will promptly review such Requested Material and (i) consent to the requested designation alteration; or (ii) provide the defense with an explanation as to why the Requested Material cannot be shared in the manner requested, so as to facilitate the Court's consideration of any disputes regarding the Requested Material. The Government's designation of material as Confidential Material or AEO Material will be controlling absent contrary order of the Court.

9. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**Retention of Jurisdiction**

10. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO

AUDREY STRAUSS
United States Attorney

by: *s Kaylan E. Lasky*       Date: 5/10/2021
    Kaylan E. Lasky
    Assistant United States Attorney


                              Date: 5/10/2021
Clay Kaminsky, Esq.
Counsel for Malik Sanchez

SO ORDERED

Dated: New York, New York
       May 11th, 2021

THE HONORABLE COLLEEN MCMAHON
UNITED STATES DISTRICT JUDGE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

5