LbcWsanP

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

             v.                           21 Cr. 269 (CM)(KNF)

MALIK SANCHEZ,
    a/k/a "Smooth Sanchez,"

                 Defendant.
                                          Plea
------------------------------x

                                          New York, N.Y.
                                          November 12, 2021
                                          12:00 p.m.

Before:

              HON. KEVIN NATHANIEL FOX,

                                          U.S. Magistrate Judge

                         APPEARANCES

DAMIAN WILLIAMS
     United States Attorney for the
     Southern District of New York
BY:  KAYLAN E. LASKY
     Assistant United States Attorney

DAVID E. PATTON
     Federal Defenders of New York, Inc.
     Attorney for Defendant
BY:  CLAY H. KAMINSKY
     Assistant Federal Defender
```

LbcWsanP

1              (Case called)
2              MS. LASKY:  Good afternoon, your Honor.  Kaylan Lasky
3     for the government.
4              THE COURT:  Good afternoon.
5              MR. KAMINSKY:  Good afternoon, your Honor.  Clay
6     Kaminsky for Malik Sanchez.
7              THE COURT:  Good afternoon.
8              MR. KAMINSKY:  And your Honor, Mr. Sanchez's mother,
9     Nathali Chamba, is also in the gallery.
10             THE COURT:  Very well.
11             Is there an application on behalf of the defendant?
12             MR. KAMINSKY:  Yes, your Honor.
13             Mr. Sanchez would like to withdraw his previously
14    entered plea of not guilty and to plead guilty to the sole
15    count of the indictment.
16             THE COURT:  Mr. Sanchez, I have before me indictment
17    21 Cr. 269, a one-count indictment, charging a violation of
18    Title 18, United States Code, Sections 1038(a)(1) and 2.
19             You have a right to have this afternoon's proceeding
20    presided over by a district judge.  You may, if you wish,
21    consent to having a magistrate judge preside at this
22    afternoon's proceeding.
23             In that connection, I have before me a document
24    labeled consent to proceed before a United States magistrate
25    judge on a felony plea allocution.

LbcWsanP

1                Please swear the defendant.
2                (Defendant sworn)
3                THE COURT:  Sir, I'm going to show to you the consent
4     form about which I was speaking a moment ago.
5                Do you recognize the document?
6                THE DEFENDANT:  Yes.
7                THE COURT:  Did you have an opportunity to review it
8     with your attorney?
9                THE DEFENDANT:  Yes.
10               THE COURT:  Is there anything contained in the consent
11    form that you do not understand?
12               THE DEFENDANT:  No.
13               THE COURT:  Do you acknowledge that the consent form
14    explains in greater detail what I mentioned to you a moment ago
15    about your right to have this afternoon's proceeding presided
16    over by a district judge, and further, that by signing the
17    document you are agreeing that a magistrate judge may preside
18    at this afternoon's proceeding?
19               THE DEFENDANT:  Yes.
20               THE COURT:  Sir, is your true signature on the consent
21    form?
22               THE DEFENDANT:  Yes.
23               THE COURT:  Did anyone force you to sign the document?
24               THE DEFENDANT:  No.
25               THE COURT:  I'm going to turn my attention to your

LbcWsanP

1    counsel for a moment.
2             Is counsel's signature also on the consent form?
3             MR. KAMINSKY:  It is, your Honor.
4             THE COURT:  Very well.
5             I'm going to sign the document, and then we shall
6    continue.
7             Mr. Sanchez, would you state your full name, please.
8             THE DEFENDANT:  Malik Sanchez.
9             THE COURT:  In the last 24 hours, have you consumed
10   any medicine, alcohol, or drugs that would affect your ability
11   to understand what you're doing here today?
12            THE DEFENDANT:  No.
13            THE COURT:  Are you under the care of a physician or a
14   psychiatrist for any condition?
15            THE DEFENDANT:  Yes.
16            THE COURT:  Is there anything about the treatment that
17   you're receiving from either a physician or a psychiatrist that
18   would affect your ability to understand what you're doing here
19   today?
20            THE DEFENDANT:  No.
21            THE COURT:  Have you ever been treated for alcoholism
22   or drug addiction?
23            THE DEFENDANT:  No.
24            THE COURT:  Do you feel all right today?
25            THE DEFENDANT:  Yes.

LbcWsanP

1        THE COURT:  Sir, what is the extent of your education?
2        THE DEFENDANT:  I'm currently enrolled to get my high
3    school diploma.
4        THE COURT:  Have you received a copy of indictment 21
5    Cr. 269?
6        (Defendant conferred with counsel)
7        THE DEFENDANT:  Yes.
8        THE COURT:  Do you wish to have the indictment read to
9    you now in open court?
10       (Defendant conferred with counsel)
11       THE DEFENDANT:  No.  Thank you.
12       THE COURT:  Do you understand what it says that you
13   did through the indictment?
14       THE DEFENDANT:  Yes.
15       THE COURT:  Have you had sufficient opportunity to
16   speak with your attorney about the charge contained in the
17   indictment and how you wish to plead to it?
18       (Defendant conferred with counsel)
19       THE DEFENDANT:  Yes.
20       THE COURT:  Are you satisfied with the assistance that
21   your attorney has rendered to you in connection with this
22   matter?
23       THE DEFENDANT:  Yes.
24       THE COURT:  Sir, are you ready to plead to the
25   indictment?

LbcWsanP

1          THE DEFENDANT:  Yes.
2          THE COURT:  What is your plea to indictment 21 Cr.
3   269; guilty or not guilty?
4          THE DEFENDANT:  Guilty.
5          THE COURT:  If you are not a United States citizen,
6   your plea of guilty to the offense set forth in indictment 21
7   Cr. 269, which is a felony offense, may affect adversely your
8   ability to remain within the United States, to become a United
9   States citizen, or to be admitted into the United States.
10         Do you understand, sir?
11         THE DEFENDANT:  Yes.
12         THE COURT:  I have to determine whether your plea of
13  guilty is being made voluntarily and whether you understand
14  fully the nature of the charge in it against you and the
15  possible consequences of your plea, so I shall be asking you
16  additional questions.
17         I first want to ensure that you understand the nature
18  of the charge to which you're pleading guilty.
19         The indictment alleges, in Count One, that you,
20  provided false information and hoaxes, in violation of Title
21  18, United States Code, Sections 1038(a)(1) and 2; further,
22  that you conveyed a hoax threat to detonate a bomb in the
23  vicinity of a restaurant in New York County on the 13th day of
24  February 2021 under circumstances where such information might
25  reasonably be believed and where such information indicated

1  that an activity had taken or was taking or would take place
2  that would constitute a violation of Title 18, United States
3  Code, Section 844(i), which is malicious use of an explosive to
4  damage or destroy a building or property, and 2332a(a), use or
5  threatened use of a weapon of mass destruction.
6          The law provides as a maximum penalty for the offense
7  set forth in the indictment the following:
8          A maximum term of imprisonment of five years; a
9  maximum term of supervised release of three years; a maximum
10 fine -- pursuant to Title 18, United States Code, Section
11 3571 -- of the greatest of $250,000, twice the gross pecuniary
12 gain derived from the offense or twice the gross pecuniary loss
13 to persons other than yourself resulting from the offense; and
14 a $100 mandatory special assessment.
15         If you are sentenced to a term of supervised release
16 and violate the terms and conditions of that supervised release
17 such that it is revoked, you expose yourself to serving in
18 prison all or part of the term of supervised release authorized
19 by statute for the offense that resulted in such term of
20 supervised release without credit for time previously served on
21 postrelease supervision.
22         Sir, do you understand the nature of the charge to
23 which you are pleading?
24         THE DEFENDANT:  Yes.
25         THE COURT:  And do you also understand the range of

1  penalties, including the maximum sentence, to which you are
2  potentially exposing yourself by your plea?
3            THE DEFENDANT:  Yes.
4            THE COURT:  Do you understand that you have a right to
5  plead not guilty and to persist in that plea?
6            THE DEFENDANT:  Yes.
7            THE COURT:  Do you understand that you have a right to
8  have a jury trial on the charge contained in the indictment?
9            THE DEFENDANT:  Yes.
10           THE COURT:  Do you understand that if you plead not
11 guilty and go to trial, the burden would be upon the government
12 to prove that you were guilty beyond a reasonable doubt?
13           THE DEFENDANT:  Yes.
14           THE COURT:  Do you understand that at a trial you
15 would be presumed innocent until the government proved your
16 guilt beyond a reasonable doubt?
17           THE DEFENDANT:  Yes.
18           THE COURT:  Because the offense to which you are
19 tendering a plea of guilty is a felony offense, by your plea,
20 you may be depriving yourself of certain valuable civil rights
21 that you might otherwise have, including, among others, the
22 following:
23           The right to hold public office;
24           The right to serve on a jury;
25           The right to vote;

        The right to possess any type of firearm, including rifles and shotguns;

        The right to be considered for certain types of employment; and

        The right to possess or obtain certain professional licenses.

        Do you understand, sir?

        THE DEFENDANT:  Yes.

        THE COURT:  Do you understand that at a trial and at every other stage of the proceedings, you have the right to be represented by an attorney, and if necessary, the Court would appoint an attorney to represent you?

        THE DEFENDANT:  Yes.

        THE COURT:  Do you understand that at a trial you would have the right to testify, confront and question any witnesses who might testify against you, and the right not to be forced to incriminate yourself; that is, you do not have to be a witness against yourself?

        THE DEFENDANT:  Yes.

        THE COURT:  Do you understand that at a trial you'd be entitled to present evidence, to call witnesses to testify, and to compel the attendance of witnesses?

        THE DEFENDANT:  Yes.

        THE COURT:  Do you understand that if you plead guilty, there will be no trial of any kind, so that you give up

1  your trial rights, and the only remaining step would be for the
2  assigned district judge to sentence you?
3      THE DEFENDANT: Yes.
4      THE COURT: Sir, are you certain that you understand
5  the nature of the charge to which you are pleading?
6      THE DEFENDANT: Yes.
7      THE COURT: And are you certain that you understand
8  the range of penalties, including the maximum sentence, to
9  which you are potentially subjecting yourself by your plea?
10     THE DEFENDANT: Yes.
11     THE COURT: Do you understand that the sentencing
12 judge may be obligated to impose a special assessment upon you?
13     (Counsel conferred with defendant)
14     THE DEFENDANT: Yes.
15     THE COURT: Have you and your attorney talked about
16 how the sentencing commission guidelines, which are advisory
17 only, might inform the sentence to be imposed upon you?
18     THE DEFENDANT: Yes.
19     THE COURT: Do you understand that in determining your
20 sentence, the sentencing judge is obligated to calculate the
21 applicable sentencing guidelines range and possible departures
22 under the sentencing guidelines?
23     THE DEFENDANT: Yes.
24     THE COURT: Do you understand that in addition to the
25 factors outlined in the sentencing commission guidelines, the

1  sentencing judge will also consider factors that are found at
2  18 U.S.C. Section 3553 in determining what an appropriate
3  sentence might be for you?
4       THE DEFENDANT:  Yes.
5       THE COURT:  Do you understand that parole has been
6  abolished and that if you are sentenced to prison you will not
7  be released on parole?
8       THE DEFENDANT:  Yes.
9       THE COURT:  Do you understand that the answers you
10 give to me today under oath may in the future be used against
11 you in a prosecution for perjury or false statement if you do
12 not tell the truth to the Court?
13      THE DEFENDANT:  Yes.
14      THE COURT:  Mr. Sanchez, I'm going to address the
15 prosecutor for a few moments, and then I'll be back to you.
16      What are the elements of the offense to which Mr.
17 Sanchez is intending to plead guilty?
18      MS. LASKY:  Yes, your Honor.
19      The government must prove the following elements
20 beyond a reasonable doubt:
21      First, that the defendant engaged in conduct with
22 intent to convey false or misleading information under
23 circumstances in which information may reasonably have been
24 believed;
25      Second, such information indicated that an activity

had taken, was taking, or would take place that would constitute a violation of Title 18, Chapter 40 or Chapter 113(b).

The predicates alleged in the indictment are as follows:

For 18 U.S.C. Section 844(i), that the defendant maliciously damaged, destroyed or attempted to damage or destroy a building or real or personal property;

The defendant did so or attempted to do so by means of an explosive, and at the time of the explosion or attempted explosion, the building or real or personal property was used in interstate commerce or was used in an activity that affected interstate commerce.

The second predicate alleged in the indictment is 18 U.S.C. Section 2332a(a). The defendant knowingly used or threatened to use a weapon of mass destruction without lawful authority against a person or property within the United States. Such property was used in interstate commerce or in an activity that affects interstate commerce. The offense or the result of the offense affects interstate or foreign commerce, or in the case of a threat, attempt or conspiracy would have affected interstate or foreign commerce.

The government must also prove that venue is proper within the Southern District of New York by a preponderance of the evidence.

1             THE COURT:  Thank you.
2             Mr. Sanchez, having heard the elements of the offense
3    to which you're tendering a plea of guilty, is it still your
4    desire to tender a plea of guilty?
5             THE DEFENDANT:  Yes.
6             THE COURT:  I'm aware that the government has provided
7    to you its view of how the sentencing commission guidelines
8    might apply to your case, and that has been communicated to you
9    via letter dated October 26, 2021, addressed to your attorney,
10   Clay Kaminsky.
11            I have a copy of that document before me, which I
12   shall show you.
13            Do you recognize the document, sir?
14            THE DEFENDANT:  Yes.
15            THE COURT:  Did you have an opportunity to review it
16   with your attorney?
17            THE DEFENDANT:  Yes.
18            THE COURT:  Is there anything contained in the
19   document that you do not understand?
20            THE DEFENDANT:  No.
21            THE COURT:  Do you understand that this document
22   represents only the government's view of how the sentencing
23   commission guidelines might apply to your case, and the impact,
24   if any, that the sentencing commission guidelines may have on
25   your case is left solely to the discretion of the sentencing

1 judge?

2 THE DEFENDANT:  Yes.

3 THE COURT:  Mr. Sanchez, have any threats been made to
4 you by anyone to influence you to plead guilty?

5 THE DEFENDANT:  No.

6 THE COURT:  Have any promises been made to you
7 concerning the sentence that you will receive?

8 THE DEFENDANT:  No.

9 THE COURT:  Is your plea being made voluntarily; that
10 is, of your own free will?

11 THE DEFENDANT:  Yes.

12 THE COURT:  Did you commit the offense that is
13 outlined in the indictment?

14 THE DEFENDANT:  Yes.

15 THE COURT:  Would you tell me in your own words what
16 it is you did that makes you believe yourself guilty of the
17 offense outlined in the indictment.

18 THE DEFENDANT:  On February 2021, I went to a
19 restaurant in Manhattan and pretended like I was going to set
20 off the bomb.  I didn't really have a bomb, but I shouldn't
21 have pretended like I did.

22 THE COURT:  Sir, when you engaged in the conduct that
23 you just described, did you know that what you were doing was
24 wrong?

25 THE DEFENDANT:  Uh, yes.

LbcWsanP

1    THE COURT:  Are there any questions that the
2  government would have me put to Mr. Sanchez?
3    MS. LASKY:  Simply, your Honor, that the defendant
4  intended to convey that the bomb threat was real.
5    THE COURT:  I did not hear clearly what you said after
6  the word "convey."
7    MS. LASKY:  Convey that the bomb threat, that the hoax
8  was real.
9    MR. KAMINSKY:  Your Honor, I'm not sure that that is
10 an element.  He conveyed a bomb threat.  It was in the nature
11 of a prank, and I don't know that he thought too hard about
12 whether or not he was trying to convince people that it was
13 real, and I'm not sure that he had to.
14    I think what's necessary, and which we concede, is
15 that it was conveyed under circumstances that would lead
16 people -- where people could reasonably believe that it was
17 real.
18    MS. LASKY:  That's my -- if I may, your Honor?
19    My understanding is that the circumstances --
20 Mr. Kaminsky is correct that there needs to be information that
21 may reasonably have been believed to have been real, but
22 additionally, an element is that the intent was to convey that
23 the false and misleading information -- was to convey the false
24 or misleading information, if that makes sense, your Honor.
25    MR. KAMINSKY:  Right.  And I --

1           THE COURT:  As part of the element for the offense,
2  there has to be the threat of the use of a weapon of mass
3  destruction, and Mr. Sanchez has communicated to me that he
4  indicated he had a bomb that would be set off and that he
5  pretended that he had such a bomb, but he didn't.
6           Why isn't that satisfactory to satisfy Rule 11?
7           MS. LASKY:  Your Honor, my point is really that -- and
8  I'm sorry if I was unclear earlier, that -- I don't mean to
9  belabor this.  But my understanding is it's one thing to
10 pretend to have a bomb, but it's another thing to pretend to
11 have a bomb under circumstances that people may believe that it
12 was actually believed.
13          It's in the statutory language as I read it, your
14 Honor.
15          THE COURT:  Yes, but having indicated to me that he
16 pretended that he would set off a bomb, wouldn't that
17 communicate to people observing him -- and, of course, I don't
18 have before me anything, like a videotape, that depicts the
19 conduct.  But absent that, I don't see why more is needed.
20 Where he indicates that he pretended that he had a bomb and
21 that he was going to set off a bomb, wouldn't that communicate
22 reasonably to people in close proximity what you're suggesting?
23          MS. LASKY:  I think in the circumstances here, it's
24 clear that that is the case, but I'm just trying to get out
25 what -- I mean pretend can have different connotations, but

LbcWsanP

1    understood, your point, your Honor, and that's fine.
2             THE COURT:  Mr. Kaminsky, are you aware of any reason
3    why your client should not plead guilty?
4             MR. KAMINSKY:  No, your Honor.
5             THE COURT:  Is the government aware of any reason why
6    Mr. Sanchez should not plead guilty?
7             MS. LASKY:  No, your Honor.
8             THE COURT:  If the matter were to proceed to trial,
9    what evidence would the government offer in support of the
10   charge made through the indictment?
11            MS. LASKY:  Yes, your Honor.
12            The government would include evidence such as the
13   following:
14            Publicly available YouTube video depicting the
15   incident that is charged in which the defendant stated, in sum
16   and substance, Let's enhance their meal, and after the threat
17   stated, in sum and substance, Yo, all of them scattered, holy
18   shit boys, that was F-word five stars, that was five stars;
19            Additional videos recorded by the defendant, which
20   have been preserved, showing the defendant engaging in similar
21   conduct on other occasions;
22            Testimony from victims who were witnesses to the event
23   described;
24            A recording of the 911 call reporting the threat;
25            Information from YouTube, phone providers, email

LbcWsanP

1  providers, and other providers used to attribute the video to
2  the defendant;
3            Employee testimony as well, your Honor.
4            Thank you.
5            THE COURT:  In a general way, what would be the
6  testimony of the victim or victims and the employee or
7  employees?
8            MS. LASKY:  Yes, your Honor.
9            With respect to the victims who were sitting in the
10 seating area, victims -- well, some of the victims would
11 testify that they ran approximately halfway down the block in
12 response to the threat and believed that the defendant was
13 going to kill them, so that -- that would be some of the
14 victims that the government would anticipate calling.
15           And with respect to the employee, it would really be
16 about the building -- that the building was a restaurant and
17 sells items manufactured outside of New York.  And that would
18 be for one of the predicates that is alleged in the indictment,
19 your Honor.
20           THE COURT:  Thank you.
21           I'm satisfied that Mr. Sanchez understands the nature
22 of the charge made against him through the indictment.  I'm
23 satisfied that he understands the consequences of the plea of
24 guilty.  I'm also satisfied that his plea is being made
25 voluntarily and knowingly, and that there is a factual basis

LbcWsanP

1   for the plea, so I shall report and recommend to the assigned
2   district judge that the plea be accepted.
3           I'm going to direct that a presentence report be
4   prepared prior to the date of sentence.
5           The date of sentence will be February 8, 2022, at 3
6   p.m.
7           In connection with the preparation of that report, the
8   government should provide its case summary materials to the
9   probation office not later than 14 days from today, and the
10  defendant and his counsel should arrange for an interview with
11  the probation office not later than 14 days from today.
12          I shall direct the government to obtain a transcript
13  of the minutes generated during this proceeding and present
14  same to the assigned district judge before the date of
15  sentence.
16          Is there any request with respect to bail?
17          MS. LASKY:  Not from the government, your Honor.
18          MR. KAMINSKY:  No, your Honor.
19          THE COURT:  Is there anything else that we need to
20  address?
21          MS. LASKY:  No.  Thank you, your Honor.
22          MR. KAMINSKY:  No, your Honor.  Thank you.
23          THE COURT:  That concludes the proceeding.  Good day.
24          (Adjourned)
25