LbcWsanP

```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   UNITED STATES OF AMERICA,

 4              v.                          21 Cr. 269 (CM)(KNF)

 5   MALIK SANCHEZ,
        a/k/a "Smooth Sanchez,"
 6
                   Defendant.
 7                                          Plea
     ------------------------------x
 8
                                            New York, N.Y.
 9                                          November 12, 2021
                                            12:00 p.m.
10

11   Before:

12
                      HON. KEVIN NATHANIEL FOX,
13
                                            U.S. Magistrate Judge
14
                             APPEARANCES
15
     DAMIAN WILLIAMS
16        United States Attorney for the
          Southern District of New York
17   BY:  KAYLAN E. LASKY
          Assistant United States Attorney
18
     DAVID E. PATTON
19        Federal Defenders of New York, Inc.
          Attorney for Defendant
20   BY:  CLAY H. KAMINSKY
          Assistant Federal Defender
21

22

23

24

25
```

LbcWsanP

1              (Case called)

2              MS. LASKY:  Good afternoon, your Honor.  Kaylan Lasky

3    for the government.

4              THE COURT:  Good afternoon.

5              MR. KAMINSKY:  Good afternoon, your Honor.  Clay

6    Kaminsky for Malik Sanchez.

7              THE COURT:  Good afternoon.

8              MR. KAMINSKY:  And your Honor, Mr. Sanchez's mother,

9    Nathali Chamba, is also in the gallery.

10             THE COURT:  Very well.

11             Is there an application on behalf of the defendant?

12             MR. KAMINSKY:  Yes, your Honor.

13             Mr. Sanchez would like to withdraw his previously

14   entered plea of not guilty and to plead guilty to the sole

15   count of the indictment.

16             THE COURT:  Mr. Sanchez, I have before me indictment

17   21 Cr. 269, a one-count indictment, charging a violation of

18   Title 18, United States Code, Sections 1038(a)(1) and 2.

19             You have a right to have this afternoon's proceeding

20   presided over by a district judge.  You may, if you wish,

21   consent to having a magistrate judge preside at this

22   afternoon's proceeding.

23             In that connection, I have before me a document

24   labeled consent to proceed before a United States magistrate

25   judge on a felony plea allocution.

LbcWsanP

1         Please swear the defendant.

2         (Defendant sworn)

3         THE COURT:  Sir, I'm going to show to you the consent

4    form about which I was speaking a moment ago.

5         Do you recognize the document?

6         THE DEFENDANT:  Yes.

7         THE COURT:  Did you have an opportunity to review it

8    with your attorney?

9         THE DEFENDANT:  Yes.

10        THE COURT:  Is there anything contained in the consent

11   form that you do not understand?

12        THE DEFENDANT:  No.

13        THE COURT:  Do you acknowledge that the consent form

14   explains in greater detail what I mentioned to you a moment ago

15   about your right to have this afternoon's proceeding presided

16   over by a district judge, and further, that by signing the

17   document you are agreeing that a magistrate judge may preside

18   at this afternoon's proceeding?

19        THE DEFENDANT:  Yes.

20        THE COURT:  Sir, is your true signature on the consent

21   form?

22        THE DEFENDANT:  Yes.

23        THE COURT:  Did anyone force you to sign the document?

24        THE DEFENDANT:  No.

25        THE COURT:  I'm going to turn my attention to your

LbcWsanP

1    counsel for a moment.

2            Is counsel's signature also on the consent form?

3            MR. KAMINSKY:  It is, your Honor.

4            THE COURT:  Very well.

5            I'm going to sign the document, and then we shall

6    continue.

7            Mr. Sanchez, would you state your full name, please.

8            THE DEFENDANT:  Malik Sanchez.

9            THE COURT:  In the last 24 hours, have you consumed

10   any medicine, alcohol, or drugs that would affect your ability

11   to understand what you're doing here today?

12           THE DEFENDANT:  No.

13           THE COURT:  Are you under the care of a physician or a

14   psychiatrist for any condition?

15           THE DEFENDANT:  Yes.

16           THE COURT:  Is there anything about the treatment that

17   you're receiving from either a physician or a psychiatrist that

18   would affect your ability to understand what you're doing here

19   today?

20           THE DEFENDANT:  No.

21           THE COURT:  Have you ever been treated for alcoholism

22   or drug addiction?

23           THE DEFENDANT:  No.

24           THE COURT:  Do you feel all right today?

25           THE DEFENDANT:  Yes.

LbcWsanP

1          THE COURT:  Sir, what is the extent of your education?

2          THE DEFENDANT:  I'm currently enrolled to get my high

3    school diploma.

4          THE COURT:  Have you received a copy of indictment 21

5    Cr. 269?

6              (Defendant conferred with counsel)

7          THE DEFENDANT:  Yes.

8          THE COURT:  Do you wish to have the indictment read to

9    you now in open court?

10             (Defendant conferred with counsel)

11         THE DEFENDANT:  No.  Thank you.

12         THE COURT:  Do you understand what it says that you

13   did through the indictment?

14         THE DEFENDANT:  Yes.

15         THE COURT:  Have you had sufficient opportunity to

16   speak with your attorney about the charge contained in the

17   indictment and how you wish to plead to it?

18             (Defendant conferred with counsel)

19         THE DEFENDANT:  Yes.

20         THE COURT:  Are you satisfied with the assistance that

21   your attorney has rendered to you in connection with this

22   matter?

23         THE DEFENDANT:  Yes.

24         THE COURT:  Sir, are you ready to plead to the

25   indictment?

LbcWsanP

1          THE DEFENDANT:  Yes.

2          THE COURT:  What is your plea to indictment 21 Cr.

3     269; guilty or not guilty?

4          THE DEFENDANT:  Guilty.

5          THE COURT:  If you are not a United States citizen,

6     your plea of guilty to the offense set forth in indictment 21

7     Cr. 269, which is a felony offense, may affect adversely your

8     ability to remain within the United States, to become a United

9     States citizen, or to be admitted into the United States.

10         Do you understand, sir?

11         THE DEFENDANT:  Yes.

12         THE COURT:  I have to determine whether your plea of

13    guilty is being made voluntarily and whether you understand

14    fully the nature of the charge in it against you and the

15    possible consequences of your plea, so I shall be asking you

16    additional questions.

17         I first want to ensure that you understand the nature

18    of the charge to which you're pleading guilty.

19         The indictment alleges, in Count One, that you,

20    provided false information and hoaxes, in violation of Title

21    18, United States Code, Sections 1038(a)(1) and 2; further,

22    that you conveyed a hoax threat to detonate a bomb in the

23    vicinity of a restaurant in New York County on the 13th day of

24    February 2021 under circumstances where such information might

25    reasonably be believed and where such information indicated

LbcWsanP

that an activity had taken or was taking or would take place

that would constitute a violation of Title 18, United States

Code, Section 844(i), which is malicious use of an explosive to

damage or destroy a building or property, and 2332a(a), use or

threatened use of a weapon of mass destruction.

        The law provides as a maximum penalty for the offense

set forth in the indictment the following:

        A maximum term of imprisonment of five years; a

maximum term of supervised release of three years; a maximum

fine -- pursuant to Title 18, United States Code, Section

3571 -- of the greatest of $250,000, twice the gross pecuniary

gain derived from the offense or twice the gross pecuniary loss

to persons other than yourself resulting from the offense; and

a $100 mandatory special assessment.

        If you are sentenced to a term of supervised release

and violate the terms and conditions of that supervised release

such that it is revoked, you expose yourself to serving in

prison all or part of the term of supervised release authorized

by statute for the offense that resulted in such term of

supervised release without credit for time previously served on

postrelease supervision.

        Sir, do you understand the nature of the charge to

which you are pleading?

        THE DEFENDANT:  Yes.

        THE COURT:  And do you also understand the range of

LbcWsanP

1    penalties, including the maximum sentence, to which you are

2    potentially exposing yourself by your plea?

3              THE DEFENDANT:  Yes.

4              THE COURT:  Do you understand that you have a right to

5    plead not guilty and to persist in that plea?

6              THE DEFENDANT:  Yes.

7              THE COURT:  Do you understand that you have a right to

8    have a jury trial on the charge contained in the indictment?

9              THE DEFENDANT:  Yes.

10             THE COURT:  Do you understand that if you plead not

11   guilty and go to trial, the burden would be upon the government

12   to prove that you were guilty beyond a reasonable doubt?

13             THE DEFENDANT:  Yes.

14             THE COURT:  Do you understand that at a trial you

15   would be presumed innocent until the government proved your

16   guilt beyond a reasonable doubt?

17             THE DEFENDANT:  Yes.

18             THE COURT:  Because the offense to which you are

19   tendering a plea of guilty is a felony offense, by your plea,

20   you may be depriving yourself of certain valuable civil rights

21   that you might otherwise have, including, among others, the

22   following:

23             The right to hold public office;

24             The right to serve on a jury;

25             The right to vote;

LbcWsanP

```
 1          The right to possess any type of firearm, including
 2   rifles and shotguns;
 3          The right to be considered for certain types of
 4   employment; and
 5          The right to possess or obtain certain professional
 6   licenses.
 7          Do you understand, sir?
 8          THE DEFENDANT:  Yes.
 9          THE COURT:  Do you understand that at a trial and at
10   every other stage of the proceedings, you have the right to be
11   represented by an attorney, and if necessary, the Court would
12   appoint an attorney to represent you?
13          THE DEFENDANT:  Yes.
14          THE COURT:  Do you understand that at a trial you
15   would have the right to testify, confront and question any
16   witnesses who might testify against you, and the right not to
17   be forced to incriminate yourself; that is, you do not have to
18   be a witness against yourself?
19          THE DEFENDANT:  Yes.
20          THE COURT:  Do you understand that at a trial you'd be
21   entitled to present evidence, to call witnesses to testify, and
22   to compel the attendance of witnesses?
23          THE DEFENDANT:  Yes.
24          THE COURT:  Do you understand that if you plead
25   guilty, there will be no trial of any kind, so that you give up
```

LbcWsanP

1    your trial rights, and the only remaining step would be for the

2    assigned district judge to sentence you?

3            THE DEFENDANT:  Yes.

4            THE COURT:  Sir, are you certain that you understand

5    the nature of the charge to which you are pleading?

6            THE DEFENDANT:  Yes.

7            THE COURT:  And are you certain that you understand

8    the range of penalties, including the maximum sentence, to

9    which you are potentially subjecting yourself by your plea?

10           THE DEFENDANT:  Yes.

11           THE COURT:  Do you understand that the sentencing

12   judge may be obligated to impose a special assessment upon you?

13           (Counsel conferred with defendant)

14           THE DEFENDANT:  Yes.

15           THE COURT:  Have you and your attorney talked about

16   how the sentencing commission guidelines, which are advisory

17   only, might inform the sentence to be imposed upon you?

18           THE DEFENDANT:  Yes.

19           THE COURT:  Do you understand that in determining your

20   sentence, the sentencing judge is obligated to calculate the

21   applicable sentencing guidelines range and possible departures

22   under the sentencing guidelines?

23           THE DEFENDANT:  Yes.

24           THE COURT:  Do you understand that in addition to the

25   factors outlined in the sentencing commission guidelines, the

LbcWsanP

1   sentencing judge will also consider factors that are found at

2   18 U.S.C. Section 3553 in determining what an appropriate

3   sentence might be for you?

4            THE DEFENDANT:  Yes.

5            THE COURT:  Do you understand that parole has been

6   abolished and that if you are sentenced to prison you will not

7   be released on parole?

8            THE DEFENDANT:  Yes.

9            THE COURT:  Do you understand that the answers you

10  give to me today under oath may in the future be used against

11  you in a prosecution for perjury or false statement if you do

12  not tell the truth to the Court?

13           THE DEFENDANT:  Yes.

14           THE COURT:  Mr. Sanchez, I'm going to address the

15  prosecutor for a few moments, and then I'll be back to you.

16           What are the elements of the offense to which Mr.

17  Sanchez is intending to plead guilty?

18           MS. LASKY:  Yes, your Honor.

19           The government must prove the following elements

20  beyond a reasonable doubt:

21           First, that the defendant engaged in conduct with

22  intent to convey false or misleading information under

23  circumstances in which information may reasonably have been

24  believed;

25           Second, such information indicated that an activity

LbcWsanP

1    had taken, was taking, or would take place that would

2    constitute a violation of Title 18, Chapter 40 or Chapter

3    113(b).

4            The predicates alleged in the indictment are as

5    follows:

6            For 18 U.S.C. Section 844(i), that the defendant

7    maliciously damaged, destroyed or attempted to damage or

8    destroy a building or real or personal property;

9            The defendant did so or attempted to do so by means of

10   an explosive, and at the time of the explosion or attempted

11   explosion, the building or real or personal property was used

12   in interstate commerce or was used in an activity that affected

13   interstate commerce.

14           The second predicate alleged in the indictment is 18

15   U.S.C. Section 2332a(a).  The defendant knowingly used or

16   threatened to use a weapon of mass destruction without lawful

17   authority against a person or property within the United

18   States.  Such property was used in interstate commerce or in an

19   activity that affects interstate commerce.  The offense or the

20   result of the offense affects interstate or foreign commerce,

21   or in the case of a threat, attempt or conspiracy would have

22   affected interstate or foreign commerce.

23           The government must also prove that venue is proper

24   within the Southern District of New York by a preponderance of

25   the evidence.

LbcWsanP

1          THE COURT:  Thank you.

2          Mr. Sanchez, having heard the elements of the offense

3     to which you're tendering a plea of guilty, is it still your

4     desire to tender a plea of guilty?

5          THE DEFENDANT:  Yes.

6          THE COURT:  I'm aware that the government has provided

7     to you its view of how the sentencing commission guidelines

8     might apply to your case, and that has been communicated to you

9     via letter dated October 26, 2021, addressed to your attorney,

10    Clay Kaminsky.

11         I have a copy of that document before me, which I

12    shall show you.

13         Do you recognize the document, sir?

14         THE DEFENDANT:  Yes.

15         THE COURT:  Did you have an opportunity to review it

16    with your attorney?

17         THE DEFENDANT:  Yes.

18         THE COURT:  Is there anything contained in the

19    document that you do not understand?

20         THE DEFENDANT:  No.

21         THE COURT:  Do you understand that this document

22    represents only the government's view of how the sentencing

23    commission guidelines might apply to your case, and the impact,

24    if any, that the sentencing commission guidelines may have on

25    your case is left solely to the discretion of the sentencing

LbcWsanP

1    judge?

2            THE DEFENDANT:  Yes.

3            THE COURT:  Mr. Sanchez, have any threats been made to

4    you by anyone to influence you to plead guilty?

5            THE DEFENDANT:  No.

6            THE COURT:  Have any promises been made to you

7    concerning the sentence that you will receive?

8            THE DEFENDANT:  No.

9            THE COURT:  Is your plea being made voluntarily; that

10   is, of your own free will?

11           THE DEFENDANT:  Yes.

12           THE COURT:  Did you commit the offense that is

13   outlined in the indictment?

14           THE DEFENDANT:  Yes.

15           THE COURT:  Would you tell me in your own words what

16   it is you did that makes you believe yourself guilty of the

17   offense outlined in the indictment.

18           THE DEFENDANT:  On February 2021, I went to a

19   restaurant in Manhattan and pretended like I was going to set

20   off the bomb.  I didn't really have a bomb, but I shouldn't

21   have pretended like I did.

22           THE COURT:  Sir, when you engaged in the conduct that

23   you just described, did you know that what you were doing was

24   wrong?

25           THE DEFENDANT:  Uh, yes.

LbcWsanP

| 1 | THE COURT:  Are there any questions that the |

THE COURT:  Are there any questions that the
government would have me put to Mr. Sanchez?

MS. LASKY:  Simply, your Honor, that the defendant
intended to convey that the bomb threat was real.

THE COURT:  I did not hear clearly what you said after
the word "convey."

MS. LASKY:  Convey that the bomb threat, that the hoax
was real.

MR. KAMINSKY:  Your Honor, I'm not sure that that is
an element.  He conveyed a bomb threat.  It was in the nature
of a prank, and I don't know that he thought too hard about
whether or not he was trying to convince people that it was
real, and I'm not sure that he had to.

I think what's necessary, and which we concede, is
that it was conveyed under circumstances that would lead
people -- where people could reasonably believe that it was
real.

MS. LASKY:  That's my -- if I may, your Honor?

My understanding is that the circumstances --
Mr. Kaminsky is correct that there needs to be information that
may reasonably have been believed to have been real, but
additionally, an element is that the intent was to convey that
the false and misleading information -- was to convey the false
or misleading information, if that makes sense, your Honor.

MR. KAMINSKY:  Right.  And I --

LbcWsanP

1          THE COURT:  As part of the element for the offense,

2     there has to be the threat of the use of a weapon of mass

3     destruction, and Mr. Sanchez has communicated to me that he

4     indicated he had a bomb that would be set off and that he

5     pretended that he had such a bomb, but he didn't.

6          Why isn't that satisfactory to satisfy Rule 11?

7          MS. LASKY:  Your Honor, my point is really that -- and

8     I'm sorry if I was unclear earlier, that -- I don't mean to

9     belabor this.  But my understanding is it's one thing to

10    pretend to have a bomb, but it's another thing to pretend to

11    have a bomb under circumstances that people may believe that it

12    was actually believed.

13         It's in the statutory language as I read it, your

14    Honor.

15         THE COURT:  Yes, but having indicated to me that he

16    pretended that he would set off a bomb, wouldn't that

17    communicate to people observing him -- and, of course, I don't

18    have before me anything, like a videotape, that depicts the

19    conduct.  But absent that, I don't see why more is needed.

20    Where he indicates that he pretended that he had a bomb and

21    that he was going to set off a bomb, wouldn't that communicate

22    reasonably to people in close proximity what you're suggesting?

23         MS. LASKY:  I think in the circumstances here, it's

24    clear that that is the case, but I'm just trying to get out

25    what -- I mean pretend can have different connotations, but

LbcWsanP

1    understood, your point, your Honor, and that's fine.

2              THE COURT:  Mr. Kaminsky, are you aware of any reason

3    why your client should not plead guilty?

4              MR. KAMINSKY:  No, your Honor.

5              THE COURT:  Is the government aware of any reason why

6    Mr. Sanchez should not plead guilty?

7              MS. LASKY:  No, your Honor.

8              THE COURT:  If the matter were to proceed to trial,

9    what evidence would the government offer in support of the

10   charge made through the indictment?

11             MS. LASKY:  Yes, your Honor.

12             The government would include evidence such as the

13   following:

14             Publicly available YouTube video depicting the

15   incident that is charged in which the defendant stated, in sum

16   and substance, Let's enhance their meal, and after the threat

17   stated, in sum and substance, Yo, all of them scattered, holy

18   shit boys, that was F-word five stars, that was five stars;

19             Additional videos recorded by the defendant, which

20   have been preserved, showing the defendant engaging in similar

21   conduct on other occasions;

22             Testimony from victims who were witnesses to the event

23   described;

24             A recording of the 911 call reporting the threat;

25             Information from YouTube, phone providers, email

LbcWsanP

| 1 | providers, and other providers used to attribute the video to |

```
 1    providers, and other providers used to attribute the video to

 2    the defendant;

 3            Employee testimony as well, your Honor.

 4            Thank you.

 5            THE COURT:  In a general way, what would be the

 6    testimony of the victim or victims and the employee or

 7    employees?

 8            MS. LASKY:  Yes, your Honor.

 9            With respect to the victims who were sitting in the

10    seating area, victims -- well, some of the victims would

11    testify that they ran approximately halfway down the block in

12    response to the threat and believed that the defendant was

13    going to kill them, so that -- that would be some of the

14    victims that the government would anticipate calling.

15            And with respect to the employee, it would really be

16    about the building -- that the building was a restaurant and

17    sells items manufactured outside of New York.  And that would

18    be for one of the predicates that is alleged in the indictment,

19    your Honor.

20            THE COURT:  Thank you.

21            I'm satisfied that Mr. Sanchez understands the nature

22    of the charge made against him through the indictment.  I'm

23    satisfied that he understands the consequences of the plea of

24    guilty.  I'm also satisfied that his plea is being made

25    voluntarily and knowingly, and that there is a factual basis
```

LbcWsanP

1    for the plea, so I shall report and recommend to the assigned

2    district judge that the plea be accepted.

3             I'm going to direct that a presentence report be

4    prepared prior to the date of sentence.

5             The date of sentence will be February 8, 2022, at 3

6    p.m.

7             In connection with the preparation of that report, the

8    government should provide its case summary materials to the

9    probation office not later than 14 days from today, and the

10   defendant and his counsel should arrange for an interview with

11   the probation office not later than 14 days from today.

12            I shall direct the government to obtain a transcript

13   of the minutes generated during this proceeding and present

14   same to the assigned district judge before the date of

15   sentence.

16            Is there any request with respect to bail?

17            MS. LASKY:  Not from the government, your Honor.

18            MR. KAMINSKY:  No, your Honor.

19            THE COURT:  Is there anything else that we need to

20   address?

21            MS. LASKY:  No.  Thank you, your Honor.

22            MR. KAMINSKY:  No, your Honor.  Thank you.

23            THE COURT:  That concludes the proceeding.  Good day.

24            (Adjourned)

25